UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KENNETH PACIOREK,<br><br>        Plaintiff,<br><br>        v.<br><br>INDIANA SUPREME COURT, OFFICE OF JUDICIAL ADMINISTRATION, and G. MICHAEL WITTE,<br><br>        Defendants. | CAUSE NO.: 2:21-CV-237-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss for Failure to State a Claim [ECF No. 10]. The Plaintiff has not responded, and the time to do so has passed. For the reasons set forth below, the Court grants the motion.

**MOTION TO DISMISS STANDARD**

In order to state a claim for relief, a complaint must comply with Federal Rule of Civil Procedure 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)).

When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d

736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Plaintiff's pro se Complaint consists of two sentences: "Never looked into the situation and never explain why. Also never asked for evidence that I had." Compl. 2, ECF No. 1. The Defendants first move to dismiss on the basis that the Plaintiff has failed to state a claim against them because the Complaint contains no factual allegations against any Defendant and does not put the Defendants on notice of any claim against them. The Plaintiff did not respond to the motion and, thus, has not attempted to clarify his claims. The Court recognizes that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, this Complaint provides the Defendants with no notice of what each Defendant allegedly did that might form the basis of a claim. The Complaint also fails to allege any facts to indicate what the cause of action might be. Therefore, the Court dismisses the Complaint for failure to state a claim upon which relief can be granted and, thus, does not reach the Defendants' alternate argument based on Eleventh Amendment immunity. *See Higgins v. Mississippi*, 217 F.3d 951, 954 (7th Cir. 2000) (recognizing that Eleventh Amendment immunity is an affirmative defense).

Ordinarily, a court affords a pro se litigant an opportunity to file an amended pleading before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th

2

Cir. 2018). However, granting leave to amend is not required where such action would be futile. *Id.*; *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend . . . where the amendment would be futile." (citation omitted)). The Plaintiff did not respond to this motion to explain what facts he might allege to state a claim, and the Court finds no basis to conclude that, if given another opportunity, the Plaintiff could state a viable claim consistent with the allegations in the Complaint.

## CONCLUSION

Accordingly, the Court hereby GRANTS the Defendants' Motion to Dismiss for Failure to State a Claim [ECF No. 10] and DISMISSES the Plaintiff's Complaint with prejudice.

SO ORDERED on September 21, 2022.

           s/ Theresa L. Springmann
          JUDGE THERESA L. SPRINGMANN
          UNITED STATES DISTRICT COURT